UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES D. BRISCOE, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-00496-JMS-TAB |
| STANLEY KNIGHT, | ) |
| Respondent. | ) |

**Entry Discussing Habeas Petition and Directing Further Proceedings**

Before the Court is petitioner James Briscoe's petition for a writ of habeas corpus challenging a prison disciplinary proceeding identified as No. IYC-16-11-0009. In that proceeding, Mr. Briscoe was found guilty of Possession of a Cell Phone. One of his claims is that he was denied the ability to defend himself against the charges, which violated his due process rights.

Among other things, due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted); *see Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) ("The notice should include the number of the rule violated . . . and a summary of the facts underlying the charge." (citations and quotation marks omitted)).

Mr. Briscoe was made aware of the charges against him on November 1, 2017, when he was given a copy of the Conduct Report and the Screening Report. The Conduct Report stated the following: "On October 31, 2016 at approximately 9:00 am, I Investigator P. Prulhiere, completed an investigation regarding Offender James Brisco 967407. During the process of the investigation, I found sufficient evidence to file a formal conduct violation for possession or use of a cell phone. As a result of this evidence, I have filed this report." Filing No. 13-1. The Report of Investigation of Incident stated:

> On October 31, 2016, I, Investigator P. Prulhiere, completed an investigation involving Offender James Brisco [sic] 967407 under case number 16-IYC-0161. During the process of that investigation, I found no less than 13 incidents showing that Offender Brisco [sic] had used a cell phone multiple times over a period spanning from August 2015 through October 2016. A complete review of these incidents is shown in case file 16-IYC-0161 which contains a confidential case report summary along with multiple pieces of supporting evidence that clearly shows that Offender Brisco [sic] maintained continuous access to an illegal cellular phone device.

The Screening Report provided no further information about the charges, but it reflects that Mr. Briscoe requested the investigation case file as evidence. *See* Filing No. 13-3.

Mr. Briscoe was denied the case file as evidence, and thus was left solely with the description of the charges from the Conduct Report and the Report of Investigation as notice of the charges. This notice appears insufficient. Although the Conduct Report recites "the rule allegedly violated," it does not appear to sufficiently "summarize the facts underlying the charge." *Northern*, 326 F.3d at 910. The purpose of the required notice is to "enable [the inmate] to marshal the facts and prepare a defense," *Wolff*, 418 U.S. at 564, but Mr. Briscoe was not notified of the facts underlying the cell phone possession charge and thus could not have gathered facts to prepare a defense. As he points out in his reply, the notice does not provide information regarding specifically when he was supposed to have had a cell phone or what the

"13 incidents" were that were referred to in the Investigation Report. This purported notice was hardly notice of anything beyond a notice that he had been charged with the named violation, and thus it was insufficient to comport with due process.

Relatedly, Mr. Briscoe argues that the decision to deny his request for the case file violated his due process rights. Without it, according to Mr. Briscoe, he could not defend himself against the charges. The respondent argues that he was not entitled to the case file because the file is confidential under Indiana Department of Correction (DOC) regulations. But a bald statement that the file is kept confidential pursuant to DOC regulations is not sufficient to support a conclusion that due process was satisfied even though it was withheld. "[P]rison authorities who assert a security justification for nondisclosure [of evidence] still have the burden of proving that their denial of requested evidence was not 'arbitrary or capricious.'" *Johnson v. Brown*, 681 Fed. Appx. 494, 496 (7th Cir. 2017) (quoting *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002)). In order for the withholding of the file to be justified, a more thorough explanation is required.

Although it appears that Mr. Briscoe's due process right to notice of the charges against him was violated, because neither party adequately addressed this issue, this action shall proceed as follows. The respondent has **through November 27, 2017**, in which to either: (1) file a supplemental brief addressing the issue of notice and withholding the confidential investigation report that specifically confronts the above authorities and assessment of the record; or (2) vacate the disciplinary sanctions against Mr. Briscoe and set the disciplinary matter for re-hearing after adequate notice of the charge is given. If the respondent chooses to file a supplemental brief, the petitioner will have **twenty-one days (21 days)** from the date the brief is filed in which to file a supplemental reply brief. If the respondent vacates the sanctions, the respondent shall notify the Court by way of a motion to dismiss this action as moot.

**IT IS SO ORDERED.**

Date: 10/27/2017

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES D. BRISCOE
#967407
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Frances Hale Barrow
DEPUTY ATTORNEY GENERAL
frances.barrow@atg.in.gov